# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Tuesday, the 17th day of March, 2026.*

Present: All the Justices

STEVEN KOSKI, ET AL.,                                                                          APPELLANTS,

 against            Record No. 260169
                    Circuit Court No. CL26-266

REPUBLICAN NATIONAL COMMITTEE, ET AL.,                                  APPELLEES.


UPON A MOTION TO CLARIFY ORDER


This matter comes before the Court upon an "Emergency Motion to Clarify the Court's Stay Order," which seeks clarification of the order entered in this case on March 4, 2026. The motion asks this Court to clarify its order "by directing the Circuit Court to enter final judgment immediately" or "by consolidating this case with [*Scott v. McDougle*, Record No. 260127] and setting it for the same briefing schedule." Mot. to Clarify at 7. We deny the motion to the extent it seeks either of these two results. We grant the motion in part only to clarify the effect of our March 4 order.

## I.

After granting a petition for review under Code § 8.01-626, we stayed the circuit court's de facto preliminary injunction entered on February 19 — a day after the complaint was filed. Our March 4 order ended with the admonition that the circuit court "on remand shall promptly bring the case to closure and enter final judgment." *Koski v. Republican Nat'l Comm.*, Record No. 260169, 2026 Va. LEXIS 15, at *10 (Mar. 4, 2026) (per curiam). We also granted a motion to intervene in the then-pending Code § 8.01-626 action and denied "at this time" various other motions (including a motion to consolidate) "pending the entry of a final declaratory judgment by the circuit court." *Id.* at n.5.

The day after we issued our March 4 order and prior to the filing of responsive pleadings in the circuit court,[1] the appellees filed a motion in the circuit court seeking the immediate entry of final judgment on their declaratory judgment claims and the issuance of a permanent injunction. They asked the circuit court to declare that the constitutional-amendment process violated Virginia law, to dissolve the TRO, and to issue a permanent injunction. Seeking to reconcile this request with our March 4 order, the appellees requested that the circuit court stay the permanent injunction pending appeal. In response, the circuit court scheduled a hearing on April 22 to address the appellees' motion requesting entry of final judgment and a permanent injunction.

A.

In their motion to this Court, the appellees claim the April 22 hearing is untimely because it "would prevent this Court from hearing this case in a final judgment posture along with *McDougle*, which will be fully briefed and argued only a few days later." Mot. to Clarify at 2. The April 22 hearing date, they argue, contravenes our admonition that the circuit court "on remand . . . promptly bring the case to closure and enter final judgment." *Koski*, 2026 Va. LEXIS 15, at *10. We clarify that, in this context, "promptly" did not mean immediately — as in prior to the filing of responsive pleadings, considering any proffered evidence, entertaining motions for leave to amend pleadings, addressing the scope of any post-referendum injunctive remedies,[2] or the like. By using the word "promptly," we were only encouraging our circuit

---

[1] In a response to the motion to clarify, the appellants assert that "[t]he pleadings have not closed" and that they "have not yet filed an answer to the complaint" in the circuit court. Resp. to Mot. to Clarify at 3. The circuit court's order scheduling the April 22 hearing also granted the appellants "an extension to respond to Plaintiffs' Verified Complaint" and ordered such response to be filed by March 16. *See* Order at 1 (Mar. 9, 2026).

[2] The complaint does not limit itself to requesting pre-referendum injunctive remedies. It also requests that the circuit court "[r]etain jurisdiction of this action to render any further orders that this [c]ourt may deem appropriate, including determining the constitutionality of any new congressional redistricting plans adopted by the General Assembly in violation of this [c]ourt's orders" and to "[a]ward all other relief that the [c]ourt deems just and necessary." Verified Compl. at 44.

A declaratory judgment can "be used as a predicate to further relief, including an injunction." *Powell v. McCormack*, 395 U.S. 486, 499 (1969). Virginia law authorizes declaratory judgments "whether or not consequential relief is, or at the time could be, claimed," Code § 8.01-184, and provides that "[f]urther relief based on a declaratory judgment order or decree may be granted whenever necessary or proper," Code § 8.01-186. *See Berry v. Board of*

2

court colleague to bring this case to closure as soon as reasonably possible in light of the procedural posture of the case and the proper sequencing of injunctive remedies consistent with *Scott v. James*, 114 Va. 297 (1912).

B.

"As an alternative to directing immediate final judgment," the appellees argue that we should continue exercising appellate jurisdiction over this case and "set a briefing schedule" that would place the case on roughly the same track as *Scott v. McDougle*, Record No. 260127. Mot. to Clarify at 5. The assumption underlying this argument seems to be that because we did not affirm or reverse the de facto preliminary injunction under Rule 3:26, but instead merely stayed it under *Scott v. James*, we intended our appellate jurisdiction over this case to continue even after ordering the circuit court on "remand" to bring this case to closure. *See Koski*, 2026 Va. LEXIS 15, at \*10. That assumption, if entertained, is mistaken.

When used to obtain an interlocutory appeal, a petition for review under Code § 8.01-626 seeks an "extraordinary remedy." Virginia Code Comm'n, *Revision of Title 8 of the Code of Virginia*, House Doc. No. 14, at 347 (1977). The statute authorizes us to exercise adjudicatory discretion either to grant the petition in full or in part (resulting in an affirmance, reversal, stay, or a partial combination thereof) or to refuse the petition without prejudice to the parties' right of appeal following a final judgment and without any law-of-the-case limitation on the circuit court's power to reconsider or modify its earlier ruling based upon later developments in the case.

Our March 4 order granted the petition for review for the limited purpose of staying (not affirming or reversing) the de facto preliminary injunction. It bears repeating that on March 4 no responsive pleadings to the complaint had been filed. The complaint had only been filed 14 days earlier, and the circuit court injunction order had only been entered 13 days earlier. Our March 4 order addressed questions that were prudent to answer at that nascent stage of the litigation and expressly refused to go any further.

---

*Supervisors*, 302 Va. 114, 131 (2023) ("[A] declaratory judgment action is a proper vehicle for a pre-enforcement challenge to the manner in which [a legislative act] has been adopted.").

This case is now in the hands of the circuit court. The circuit court's de facto preliminary injunction order, by its own terms, will expire on March 18, *see* Order at 6 (Feb. 19, 2026).[3] Our March 4 order makes clear that no final injunction in the case (whether based on the present pleadings or any amended pleadings) can be entered prior to the referendum pursuant to *Scott v. James*. If the circuit court on April 22 enters a final order that includes the grant or denial of a permanent injunction, expedited appellate proceedings will no doubt return the case to our Court in due time for a final decision.

II.

In sum, we deny the "Emergency Motion to Clarify the Court's Stay Order" to the extent that it asks us to compel the "the Circuit Court to enter final judgment immediately" or, alternatively, to retain appellate jurisdiction to "consolidate[e]" the case with *Scott v. McDougle*, Record No. 260127, and "set[] it for the same briefing schedule." Mot. to Clarify at 7. To the extent that the motion merely seeks clarification of our March 4 order, we do so herein.

This order shall be published in the Virginia Reports and certified to the Circuit Court of Tazewell County.

A Copy,

Teste:

Clerk

---

[3] The appellees acknowledge that if the Court accepts its alternative request and hears the appeal "in the context of a preliminary injunction of the referendum," the procedural "posture raises a problem." Mot. to Clarify at 2. The appellees contend that the appellants "will likely argue that this appeal is moot after the referendum," thus precluding this Court from addressing the underlying legal challenges to the process leading up to the referendum. *Id*. While we need not address this contention given our denial of the appellees' request, we clarify that, for the purposes of any post-referendum injunctive remedies that the circuit court may issue, the allegations of illegality asserted in the complaint as declaratory judgment claims will only become "moot" if the citizens of Virginia vote against the proposed constitutional amendment. "If the amendment is not adopted, of course, no question will ever come before the court. If, upon completion of the proceedings, the validity of the amendment is assailed on the ground that the several provisions of the Constitution have not been complied with, then the courts can pass upon the validity of the amendment." *Scott*, 114 Va. at 304. Under separation-of-powers principles, the Virginia judiciary not only "has the power" but also the constitutional "duty" to "pass upon the validity of a constitutional enactment when put in force, as well as upon the validity of an act of the legislature regularly passed and put in effect." *Id.*

4